IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| WILLIAM RAY and TRACY STAGNER, individually and as natural parents, guardians, and next friends of K.S., a minor, | ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | Case No. CIV-09-104-JHP |
| CRAIG LOFTIN TRAILER SALES, LLC, GEORGE FEHR, d/b/a LAMAR TRAILERS, LAMAR TRAILER MFG., and SPEEDY MACHINE & FABRICATION, LLC, | ) ) ) ) ) | |
| Defendants. | ) | |

## ORDER

Before the Court are Plaintiffs William Ray and Tracy Stagner's Motion to Remand [Docket No. 12], Defendant Speedy Machine & Fabrication, LLC's Response in Opposition [Docket No. 13], and Plaintiffs' Reply [Docket No. 14]. Because the Court finds there is not complete diversity among the parties, Plaintiffs' Motion to Remand is GRANTED.

## BACKGROUND

This lawsuit arises from an injury suffered by K.S., a minor child. K.S. was injured when the tailgate of a utility trailer fell and crushed his head. The accident occurred in Arkansas where the family resided at the time, however, prior to filing this lawsuit the family moved to Oklahoma. The trailer which injured K.S. was sold in Wagoner County by Craig Loftin Trailers Sales, LLC ("Loftin"). Loftin is an Oklahoma LLC with its principal place of business in Wagoner County. Defendant George Fehr, doing business as Lamar Trailers and Lamar Trailer Mfg., ("Fehr) was the manufacturer of the trailer. Fehr is a resident of Texas with his principal

1

place of business in Texas. Defendant Speedy Machine & Fabrication, LLC ("Speedy") is the manufacturer of the trailer's latch which allegedly was defective and caused the gate to injure K.S. Speedy is a Texas LLC with its principal place of business in Texas.

Plaintiffs originally filed this suit in Oklahoma County District Court on August 23, 2006, alleging products liability, negligence, and breach of warranty. On April 1, 2008, Plaintiffs dismissed the lawsuit without prejudice and re-filed the action in Wagoner County on May 16, 2008. On March 3, 2008, a Mediation Agreement [Docket No. 12-A] was reached by Plaintiffs and Defendant Loftin, the only nondiverse defendant. The Agreement conditionally settles all claims between the parties contingent upon three conditions being satisfied. Because K.S. is a minor, the final condition of settlement contained in the Agreement is court approval. On March 17, 2009, Defendants Speedy and Fehr removed the case to this Court pursuant to 28 U.S.C. § 1441 and 1446 [Docket No. 2]. The settlement reached between Plaintiffs and Loftin was not finalized and Loftin was not dismissed from this suit at the time of removal. This status has not changed since the case was removed to this Court.

Plaintiffs argue that removal was improper and this Court lacks jurisdiction because there is not complete diversity of citizenship as required by 28 U.S.C. § 1332. Plaintiffs contend that Loftin, the nondiverse defendant, is still a party to this action until the settlement is finalized which, in this case, requires court approval. Additionally, Plaintiffs argue that Defendants Speedy and Fehr ("Defendants") did not document that all the defendants in the case consented to removal and that the removal was more than one year after the case commenced and therefore is barred. Finally, Plaintiffs argue that Defendants did not provide the Court with a copy of all documents listed in 28 U.S.C. § 1446(a). In response, Defendants argue that the settlement of

the nondiverse defendant creates a right to remove the case to this Court. Defendants contend that, under Oklahoma law, the Mediation Agreement is a legally enforceable agreement that suffices as a paper indicating the case may be removed. Further, Defendants allege that Plaintiffs refuse to consummate the settlement with Loftin in an effort to keep the case in state court and this Court should not reward such "tactical chicanery." Also, Defendants dispute Plaintiffs' claims that they have waived their right to remove and have not provided the Court with the required documents.

## DISCUSSION

"Except as otherwise expressly provided . . . any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States . . . embracing the place where such action is pending." 28 U.S.C. § 1441(a). When a case is not originally removable, "a notice of removal may be filed within thirty days after receipt be the defendant . . . of a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id*. § 1446(b). Defendants removed this case pursuant to 28 U.S.C. § 1332, which provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states." 28 U.S.C. § 1332(a)(1). Here, there is no dispute that the amount in controversy exceeds $75,000. Additionally, it is undisputed that this case was not initially removable because there was no diversity of citizenship between Plaintiffs and Defendant Loftin. Plaintiffs are citizens of Oklahoma. Loftin is an Oklahoma LLC with its principal place of business in Oklahoma. Defendants Fehr and

Speedy are citizens of Texas. *See* 28 U.S.C. § 1332(c)(1) ("For the purposes of [§ 1332] . . . a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."). Thus, the only issue left for the Court to decide is whether this case became removable upon the execution of the Mediation Agreement.

The Mediation Agreement entered into by Plaintiffs and Loftin does not make this case removable. As Defendants point out, several federal courts have found that an action is removable if the only nondiverse defendant enters into an enforceable settlement agreement. *See Estate of Martineau v. ARCO Chemical Co.*, 203 F.3d 904, 912 (5th Cir. 2000) (holding that a settlement agreement which was enforceable under Texas law effectively eliminated nondiverse defendant and allowed removal on that basis); *Hanahan v. John Hancock Life Ins. Co., Inc., (USA)*, 518 F.Supp.2d 780, 785 (D.S.C. 2007) ("The existence of a settlement agreement that is binding and enforceable under the applicable state law constitutes a voluntary dismissal, and precludes the court from considering the citizenship of that defendant for the purposes of determining diversity."). Federal courts look to state law to determine whether the nondiverse defendant has effectively been removed as a party to the case through an enforceable settlement agreement. *Estate of Martineau,* 203 F.3d at 910. Here, Loftin has not been effectively eliminated as a party because under Oklahoma law a settlement reached on behalf of a minor is not final without a court order.

> Title 12, section 83(A) of the Oklahoma Statutes states:
> Monies recovered in any court proceeding by a next friend or guardian ad litem for or on behalf of a person who is less than eighteen (18) years of age in excess of One Thousand Dollars ($1,000.00) over sums sufficient for paying costs and expenses including medical bills and attorney's fees shall be deposited, *by order of the court*, in one or more federally insured banking, credit union or savings and loan institutions, or invested by a bank or trust company having trust powers under federal or state law, *approved by the court*; provided, that *the court may*

4

> *approve a structured settlement*, by the terms of which the proceeds of a settlement may be invested by the plaintiff or the defendant in an annuity to be paid to or for the benefit of the minor by an insurance company licensed in this state.

(emphasis added). In this case, the Mediation Agreement was entered into by Plaintiffs as next friend of K.S., a minor. Plaintiffs settled on behalf of K.S. with Defendant Loftin through the Mediation Agreement. The amount of money paid to Plaintiffs by Loftin is redacted in the Mediation Agreement. Defendants, without providing any supporting evidence, argue that "[a]ssuming the case settled within Loftin's policy limits, after attorney fees and medical expenses are deducted, there is not likely to be any money left to be deposited so no approval would be required under 12 O.S. § 83." [Docket No. 13, at 11]. Because Defendants bear the burden of establishing that the requirements of diversity jurisdiction are present, the Court finds this bare allegation insufficient to establish that no hearing would be required under the statute. *See Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001) (holding that parties invoking federal court's jurisdiction "bear the burden of establishing that the requirements for the exercise of diversity jurisdiction are present"). For the purpose of this motion, the Court assumes that the settlement is at least $1,000 more than the relevant costs and expenses. As a result, the court finds that 12 O.S. § 83 is applicable to this case and a court order approving the deposit of monies is required. In Oklahoma, a court order under this statute is generally obtained after a hearing on the issue commonly referred to as a "friendly suit" hearing. The parties agree that no such hearing has taken place in this case.

In *Guerrero v. General Motors Corp.*, 392 F.Supp.2d 1133 (N.D.Cal. 2005), a Federal District Court in California remanded a case which presented a procedural issue nearly identical to the one presented here. The Plaintiffs in *Guerrero* were minors and a guardian ad litem was

5

appointed. While in state court, the Plaintiffs reached settlements with the two nondiverse defendants. The settlement agreements were signed, however, California law requires court approval before settlements on behalf of minors become final and binding. Before receiving the required court approval, the remaining defendant removed the case to federal court on the basis of diversity jurisdiction. *Id.* at 1134. The court remanded the case rejecting the defendants' argument that the case was removable because the plaintiffs demonstrated their intent not to proceed against the nondiverse defendants. According to the court, no diversity jurisdiction existed because the nondiverse defendants remained parties to the action until the settlement agreement became final by receiving court approval. *Id*. at 1135-36. Further, the court noted that cases cited by the defendants which did not involve settlements on behalf of minors were distinguishable and the court did not rely on them. *Id*. at 1136.

Although not binding authority, the Court agrees with the *Guerrero* court's analysis and finds it to be consistent with the principles of diversity jurisdiction. Similar to *Guerrero*, complete diversity does not exist in this case because the settlement reached on behalf of the minor cannot be considered final and binding without a court order. As a result, the nondiverse defendant, Loftin, remains a party to this case and its citizenship must be considered in determining whether there is complete diversity. Defendants argue that *Guerrero* can be distinguished from the present case because the underlying state law is different. Defendants' argument is based on the fact that the California law in *Guerrero* requires court approval of the *settlement*, whereas the applicable Oklahoma statute only requires court approval of the *deposit of monies*, not approval of the actual settlement. The Court finds this distinction immaterial to the determination of whether the case is removable. The fact remains that court approval,

6

whether it be to the settlement itself or the deposit of funds that results from the settlement, is required before the nondiverse defendant can effectively be removed as a party to the case. If the Court denied the motion to remand, it would lack jurisdiction to enter an order regarding the deposit of settlement funds that would be binding on Loftin, the nondiverse defendant. The more logical rule is that the case is not removable until the order approving the deposit of settlement funds is entered in state court. Furthermore, the state court order would constitute "other paper" which first puts defendants on notice that the case has become removable pursuant to 28 U.S.C. § 1446(b).

The other arguments advanced by Defendants are also unconvincing. Defendants cite to several cases for the proposition that settlement agreements are enforceable contracts under Oklahoma law. Defendants contend that because the Mediation Agreement is in writing and contains all necessary terms, nothing more is required to make the case removable. While this argument might be persuasive in a normal case, the fact that Plaintiffs settled on behalf of a minor distinguishes this case from those cited by Defendants. Unlike this case, court approval is not required for normal settlement agreements to become final and enforceable. Additionally, Defendant alleges that "Plaintiffs' delay in consummating the settlement in this case is the equivalent of fraudulent joinder." [Docket No. 13]. Defendants further allege that this delay is an attempt to defeat the nondiverse defendants right to remove. This argument is flawed because the notice of removal immediately divests the state court of jurisdiction over the matter. *Yarnevic v. Brink's, Inc*., 102 F.3d 753, 754 (4 th Cir. 1996) (citing 28 U.S.C. § 1446(d)) ("[a] proper filing of a notice of removal immediately strips the state court of jurisdiction"). The Mediation Agreement was signed on March 3, 2009. Before a hearing was held, Defendants

7

removed the case to this Court on March 17, 2009. Immediately upon filing the Notice or Removal, Defendants, not Plaintiffs, prevented the settlement from being finalized because the state court no longer had jurisdiction to conduct a friendly suit hearing. The fact that a hearing was not held between March 3rd and March 17th certainly cannot be equated with fraudulent joinder.

Because the Court finds that complete diversity did not exist at the time of removal, the Court will not address Plaintiffs' additional grounds for remand. The Court concludes that it lacks subject matter jurisdiction over this action and must remand the case to state court pursuant to 28 U.S.C. § 1447(c).

## **CONCLUSION**

For the reasons previously stated, Plaintiffs' Motion to Remand is hereby GRANTED and the case is remanded to the District Court of Wagoner County.

IT IS SO ORDERED this 21st day of July, 2009.

James H. Payne
United States District Judge
Eastern District of Oklahoma